IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

CHARLES MICKENS,

   Plaintiff,

v.

JOHN P. MORRISSEY, *Chief District Judge of Maryland*,

   Defendant.

Civil Action No.:  JRR-22-3054

**MEMORANDUM ORDER**

      Self-represented Plaintiff Charles Mickens filed the above-captioned Complaint along with a Motion for Leave to Proceed in Forma Pauperis on November 28, 2022.  The Motion shall be granted, as Mr. Mickens is indigent.  However, for the reasons stated below, the Complaint will be dismissed.

      Mr. Mickens files this complaint in forma pauperis pursuant to 28 U.S.C. § 1915(a)(1), which permits an indigent litigant to commence an action in this court without prepaying the filing fee.  To guard against possible abuses of this privilege, the statute requires dismissal of any claim that is frivolous or malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2)(B)(i) and (ii).  This court is mindful, however, of its obligation to liberally construe self-represented pleadings, such as the instant complaint.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  In evaluating such a complaint, the factual allegations are assumed to be true.  *Id.* at 94 (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555-56 (2007)).  Nonetheless, liberal construction does not mean that this court can ignore a clear failure to allege facts that set forth a cognizable claim.  *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 391 (4th Cir. 1990); *see also Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (stating a district court may not "conjure up

questions never squarely presented."). In making this determination, "[t]he district court need not look beyond the complaint's allegations… It must, however, hold the pro se complaint to less stringent standards than pleadings drafted by attorneys and must read the complaint liberally." *White v. White,* 886 F.2d 721, 722-23 (4th Cir. 1989).

Mr. Mickens sues Judge John P. Morrissey, Chief Judge of the District Court of Maryland, asserting that he violated Mr. Mickens' constitutional rights by wrongfully imprisoning him. ECF No. 1 at 6-7. Mr. Mickens' allegations are sparse but he appears to assert that there was a lack of probable cause and that he did not commit the crime for which he was accused.[1] *See id.* at 6. He seeks compensation and the return of property taken from his possession. *Id.* at 7.

From what the court can discern, Mr. Mickens attempts to sue a Maryland state judge for decisions made in his capacity as a judge. This cause of action cannot be maintained because it is prohibited by the doctrine of judicial immunity. *See Forrester v. White*, 484 U.S. 219, 226-27 (1988) ("If judges were personally liable for erroneous decisions, the resulting avalanche of suits, most of them frivolous but vexatious, would provide powerful incentives for judges to avoid rendering decisions likely to provoke such suits.").

The doctrine of judicial immunity shields judges from monetary claims against them in both their official and individual capacities. *Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (*per curiam*). Judicial immunity is an absolute immunity; it does not merely protect a defendant from assessment of damages; it also protects a judge from suits for damages entirely. *Id*. at 11. An act is still judicial, and immunity applies, even if the judge commits "'grave procedural errors.'" *Id*. (quoting *Stump v. Sparkman,* 435 U.S. 349, 359 (1978)). Moreover, "judges of courts of

---

[1] Mr. Mickens attaches several documents, none of which provides further information regarding his claim. However, one references Case No. D-08-CR-22-014050, *State of Maryland v. Mickens* (Balt. Cnty. Dist. Court). *See* https://casesearch.courts.state.md.us/casesearch/ (last visited Dec. 9, 2022).

superior or general jurisdiction are not liable to civil actions for their judicial acts, even when such acts are in excess of their jurisdiction, and are alleged to have been done maliciously or corruptly." *Stump,* 435 U.S. at 355-56; *see Dean v. Shirer*, 547 F.2d 227, 231 (4th Cir. 1976) (stating that a judge may not be attacked for exercising judicial authority even if done improperly); *Green v. North Carolina*, No. 4:08-CV-135-H, 2010 WL 3743767, at *3 (E.D.N.C. Sept. 21, 2010). Therefore, as Defendant Morrissey is immune from suit, the Complaint must be dismissed.

Accordingly, it is this _12th__ day of December, 2022, by the United States District Court for the District of Maryland, hereby ORDERED that:

1. The Motion for Leave to Proceed in Forma Pauperis (ECF No. 2) IS GRANTED;

2. The Complaint IS DISMISSED;

3. The Clerk SHALL SEND a copy of this Memorandum Order to Mr. Mickens; and

4. The Clerk SHALL CLOSE this case.

                                                                    _____/S/_____
                                                                    Julie R. Rubin
                                                                    United States District Judge